**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Miami Division**

**In re:**                                                         Case No.   20-11043-RAM

GEORGE DE ARMAS,                                    Chapter 13

    Debtor.

_____/

**MOTION TO DISMISS CHAPTER 13 CASE**
**PURSUANT TO 11 U.S.C. § 109(e)**

Creditor, Casa Financial Holdings, LLC. (the "Creditor"), by and through its undersigned attorney moves to dismiss the above case pursuant to 11 U.S.C. § 109(e), and states:

1. Creditor holds a final judgment against the Debtor, dated November 4, 2019, in the amount of $636,569.40, with post judgment interest accruing thereon.  Creditor has filed its claim in this matter with supporting documentation.

2. Though the Debtor has yet to file her schedules, it is clear and unequivocal that the Creditor's claim is noncontingent, liquidated, unsecured and significantly greater than the thresholds provided by 11 U.S.C. § 109(e).

3. Specifically, 11 U.S.C. § 109(e), entitled "*Who may be a debtor,*" provides in pertinent part that:

1

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $419,275 and noncontingent, liquidated, secured debts of less than $1,257,850 or an individual with regular income and such individual's spouse, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $419,275 and noncontingent, liquidated, secured debts of less than $1,257,850 may be a debtor under chapter 13 of this title.

4. Generally, "[t]he eligibility criteria set forth in § 109(e) are specific and restrictive, with monetary amounts established to govern eligibility so as to ensure that those persons for whose benefit the chapter is directed are those who employ its provisions." Alan N. Resnick and Henry J. Sommer, 2 Collier on Bankruptcy ¶ 109.06[1] (16th ed. 2013) at 109–37. Thus, "the eligibility limits of Section 109(e) should be strictly construed." In re Rios, 476 B.R. 685, 688 (Bankr.D.Mass.2012), citing In re Soderlund, 236 B.R. 271, 274 (9th Cir. BAP 1999). See also In re Marchetto, 24 B.R. 967, 969 (1st Cir.BAP 1982) ("[t]he provisions of Section 109(e) have consistently been strictly interpreted"), citing In re Cronkleton, 18 B.R. 792, 793 (Bankr.S.D.Ohio 1982). Based upon Creditor's judgment alone, the Debtor clearly falls outside the debt limits set for in Section 109(e) and is therefore ineligible to be a Debtor in a chapter 13 proceeding.

**WHEREFORE**, it is respectfully requested that Debtor's counsel be sanctioned accordingly.

I HEREBY CERTIFY that I am admitted to the Bar of the United States Bankruptcy Court for the Southern District of Florida, and that I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A) and that a true and correct copy of the foregoing was furnished by United States mail to all parties on the attached Service List and electronically filed with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all parties and counsel identified on the CM/ECF service list maintained by the Court in this case on February 6, 2020.

        Respectfully submitted,

        RONIEL RODRIGUEZ IV, P.A.
        20533 Biscayne Blvd., #1243
        Aventura, Florida 33180
        305-773-4875 Dade/Direct

        By: /s/ Roniel Rodriguez
        Roniel Rodriguez IV
        Florida Bar No.: 544787
        E-mail:    Ron@RJRfirm.com

**Service List:**

**United States Mail:**

George De Armas
2451 Brickell Ave #19-R
Miami, FL 33129


**Via ECF:**

Nancy K. Neidich e2c8f01@ch13miami.com  ecf2@ch13miami.com
Office of the US Trustee USTPRegion21.MM.ECF@usdoj.gov
Timothy S Kingcade, Esq on behalf of Debtor;
scanner@miamibankruptcy.com,   kingcadeserve@bellsouth.net;

4